IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Walker D. Miller

Criminal Action No. 99-cr-00209-WDM

UNITED STATES OF AMERICA,

v.

MILTON McBRIDE,
    Defendant.

## ORDER DENYING MOTIONS

This matter is before the Court on two *pro se* letters to the Court filed by Defendant Milton McBride. In the first letter, which was filed on February 6, 2006, Mr. McBride apparently asks the Court to reduce his sentence because he is participating in a residential drug abuse treatment program at a federal prison in Texas. The February 6 letter has been docketed as a motion to reduce sentence. In the second letter, which was filed on May 22, 2006, Mr. McBride states that he has completed the drug abuse treatment program. The Court must construe the letters liberally because Defendant is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reduce sentence will be denied.

Mr. McBride was convicted pursuant to a guilty plea and he was sentenced to eighty-four months in prison. The Court recommended that Mr. McBride be allowed to participate in a residential drug abuse treatment program while incarcerated. As noted above, Mr. McBride alleges that he has completed the drug treatment program. Pursuant to 18 U.S.C. § 3621(e)(2)(B), the United States Bureau of Prisons (BOP) may

grant a sentence reduction of up to one year to inmates convicted of nonviolent offenses who successfully complete a substance abuse treatment program. Mr. McBride apparently asks the Court to reduce his sentence because the BOP has not granted him a sentence reduction.

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." **United States v. Mendoza**, 118 F.3d 707, 709 (10th Cir. 1997). Mr. McBride fails to cite any statutory authority that would allow the Court to reduce his sentence based on the fact that he has completed a drug abuse treatment program. Any claim that Mr. McBride may seek to raise pursuant to § 3621(e)(2)(B) must be raised in a separate habeas corpus action pursuant to 28 U.S.C. § 2241 because such a claim challenges the execution of his sentence. See **Bradshaw v. Story**, 86 F.3d 164, 166 (10th Cir. 1996). The Court cannot construe the February 6 letter as an application for a writ of habeas corpus pursuant to § 2241 because an application for a writ of habeas corpus pursuant to § 2241 "must be filed in the district where the prisoner is confined." **Id**. As noted above, Mr. McBride is incarcerated at a prison in Texas. Accordingly, it is

ORDERED that the letter to the Court filed on February 6, 2006, by Defendant Milton McBride, which has been docketed as a motion to reduce sentence, is DENIED.

DATED at Denver, Colorado, this 31st day of October, 2006.

BY THE COURT:

Walker D. Miller
United States District Judge

2